## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EDDIE DAVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 05-273-GPM |
| | ) | |
| SARAH REVELL, | ) | |
| | ) | |
| Respondent. | ) | |

# <u>MEMORANDUM AND ORDER</u>

**MURPHY, Chief District Judge:**

Petitioner, an inmate in the Federal Correctional Institution in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his 1993 conviction in the United States District Court for the Northern District of Illinois. *See United States v. Davis*, Case No. 93-CR-00574 (N.D. Ill., filed Aug. 5, 1993). A direct appeal was filed, but counsel filed an *Anders*[1] brief raising only the sufficiency of the evidence as a possible ground for appeal. The Seventh Circuit granted counsel's motion to withdraw and dismissed the appeal. *United States v. Davis*, Appeal No. 94-3456, 65 F.3d 170 (Table) (7th Cir. 1995). Petitioner later filed a motion under 28 U.S.C. § 2255 asserting various claims of ineffective assistance of counsel; that motion was denied. *United States v. Davis*, Case No. 97-CV-2924 (N.D. Ill., filed April 23, 1997). After attempting other avenues of relief in his criminal case, Petitioner resorted to filing the instant petition in this District.

_____

[1] *See Anders v. California*, 386 U.S. 738 (1967).

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A Section 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective. *See also Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255.").

Petitioner contends that he is one of those for whom the Section 2255 motion is inadequate or ineffective to test the legality of his detention. The fact that Petitioner may be barred from bringing a second Section 2255 petition is not, in itself, however, sufficient to render it an inadequate remedy. *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior Section 2255 motion). Instead, a petitioner under Section 2241 must demonstrate the inability

of a Section 2255 motion to cure the defect in the conviction.

In *Davenport*, the Seventh Circuit considered the meaning of "inadequacy" for purposes of § 2255.  Judge Posner explained, "[a] procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant <u>any</u> opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Davenport*, 147 F.3d at 611 (emphasis in original).  The Seventh Circuit later clarified this standard stating that actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Such is not the case here.  Petitioner does not suggest that the charged conduct is no longer a crime.  To the contrary, Petitioner merely asserts that, long after his conviction, sentencing, direct appeal, and post-conviction motion were completed, he now believes that the indictment from his underlying conviction may not have been signed by the prosecutor and grand jury foreperson, nor was it presented in open court and entered into the transcript by a magistrate judge.  *See* FED. R. CRIM. PROC. 6(f).

Petitioner previously raised this same argument in a Rule 60(b) motion filed in his criminal case.  *Davis, supra*, Case No. 93-CR-574 (Doc. 40, filed Oct. 21, 2002).  In that case the Government filed a lengthy response to his argument that clearly refutes his claim (*id.* at Doc. 97); the Government's brief is attached as Exhibit B to Petitioner's instant motion (Doc. 1-2 at pages 2-8).  Furthermore, Petitioner has also attached a copy of a signed record of the grand jurors concurring on his indictment (Doc. 1-3 at page 17); therefore, his claim in the instant motion regarding an improper indictment is without merit.

Therefore, Section 2241 cannot provide Petitioner with the desired relief, and this action is summarily **DISMISSED** on the merits.

It follows that Petitioner's motion asking the Court to prevent his transfer out of F.C.I. Greenville (Doc. 3) is **DENIED as moot**.

**IT IS SO ORDERED.**

DATED:  01/13/06

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge